JUDGE PAULEY

**VIRGINIA & AMBINDER, LLP**
Lloyd R. Ambinder
Kara S. Miller
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

12 CV 3361

RECEIVED
APR 27 2012
U.S.D.C. S.D.N.Y.
CASHIERS

**LEEDS, MORELLI & BROWN, P.C.**
Jeffrey K. Brown
1 Old Country Road
Carle Place NY 11514
(516)873-9550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALI LYOUSSI individually and on behalf of all other persons similarly situated who were employed by MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., and SALAM AL-RAWI, individually<br><br>Plaintiffs,<br><br>- against -<br><br>MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., and SALAM AL-RAWI, individually<br>Defendants. | Docket No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Non Jury Trial** |

Plaintiff, by his attorneys, Virginia & Ambinder, LLP and Leeds Morelli & Brown, P.C. alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 633, New York Labor Law § 650 *et seq* ; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 146-1.2, 1.4, and 1.6 to recover unpaid minimum wages, overtime compensation, spread of hours compensation, and unlawfully retained tips owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., (hereinafter collectively referred to as "Moustache") and SALAM AL-RAWI, individually (hereinafter collectively referred to as "Defendants").

2. Beginning in approximately April of 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages, overtime compensation, and spread of hours compensation to their employees and unlawfully retaining employees' tips.

3. Beginning in approximately April of 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of paying its tipped employees a wage less than the minimum wage for non-tipped employees, without following the provisions of 29 U.S.C. § 203(m), which require that "all tips received by such employee[s] have been retained by the employee[s]."

4. Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

5. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including minimum wages, overtime compensation, spread of hours compensation, and unlawfully retained gratuities, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

8. Plaintiff Lyoussi is an individual who resides in New Jersey and who formerly worked for Defendants as a waiter from approximately 2000 to March 22, 2012.

9. Upon information and belief, Defendant Moustache Lex LLC is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 1621 Lexington Ave, New York, NY 10029 and is engaged in the restaurant business.

10. Upon information and belief, Defendant Bedford Pitza Corp is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 90 Bedford Street, New York, NY 10014 and is engaged in the restaurant business.

11. Upon information and belief, Salam Al-Rawi is a resident of 3 Fordham Hill

Oval, Apt. 12B, Bronx NY 10468 and at all relevant times was an officer, director, president, vice president, and/or owner of Moustache.

## **CLASS ALLEGATIONS**

12.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

13.     This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as restaurant employees.

14.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

15.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay the minimum wage for all hours worked; and (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; (3) whether Defendants failed to pay spread of hours compensation of one additional hour at the regular hourly wage rate for days worked in excess of 10 hours; and (4) whether Defendants engaged in a regular pattern and practice of unlawfully retaining employees' tips.

16.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of (1) failing to pay the minimum wage for all hours worked; (2) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; (3) failing to pay spread of hours compensation; and (4)

unlawfully retaining employees' tips.

17. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

19. Defendants operate three restaurants located at 1621 Lexington Ave, New York, NY 10029, 90 Bedford Street, New York, NY 10014, and 265 East 10th Street, New York, NY 10009 all doing business as Moustache Pitza.

20. Beginning in or about April 2006, Defendants employed numerous individuals at Moustache as waiters, delivery persons, bussers and other restaurant occupations which "customarily and regularly receive tips" as that term is defined under 29 U.S.C. § 203(m) and the regulations and case law interpreting same.

21. Beginning in or about April 2006, Defendants employed numerous individuals at Moustache as cooks, food preparers, dishwashers and other restaurant occupations which do not "customarily and regularly receive tips."

22. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Moustache constitutes an "enterprise engaged in commerce."

23. Upon information and belief, Moustache's gross yearly sales are greater than $500,000.00.

24. Upon information and belief, Plaintiff and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651 and case law interpreting the same.

25. The payments made to Plaintiff and other members of the putative class by Defendants constitute "wages" as that term is defined under New York Labor Law § 651.

26. While working for Defendants, Plaintiff and the members of the putative class were regularly required to perform work for Defendants, without receiving proper minimum wages, overtime compensation, and spread of hours compensation as required by applicable federal and state law.

27. Defendants engaged in a regular pattern and practice of unlawfully retaining the earned tips of tipped employees in violation of 29 U.S.C. § 203, New York Labor Law § 193, and New York Labor Law § 196-d, and were therefore ineligible to take a "tip-credit" and pay employees less than the minimum wage for non-tipped employees.

28. Since 2006, Plaintiff Lyoussi worked as a waiter at all three of Defendants' restaurant locations.

29. While working for Defendants, Plaintiff Lyoussi typically worked 4 or 5 days per week for 12 hours a day.

30. While working for Defendants, Plaintiff Lyoussi's rate of pay changed. However, most recently he was paid $4.65 and $5.00 per hour for the hours reflected on his payroll checks, which always reflected fewer hours than Plaintiff Lyoussi actually worked.

31. Defendants retained all tips left by patrons of the restaurants and would distribute some, but not all of the tips, in cash, to the Named Plaintiff and other employees.

32. Plaintiff Lyoussi was not paid any wages for approximately 5 weeks of work.

33. Plaintiff Lyoussi did not manage any other employees while employed by

Defendants.

34. Plaintiff Lyoussi was not paid the minimum wage for every hour that he worked. Plaintiff Lyoussi was also not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

35. Plaintiff Lyoussi was not paid spread of hours compensation for the days he worked more than 10 hours.

36. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

37. Upon information and belief, Defendant Al-Rawi is an owner, officer, director, shareholder, and / or president or vice president of Moustache and (i) has the power to hire and fire employees for Moustache; (ii) supervised and controlled employee work schedules or conditions of employment for Moustache; (iii) determined the rate and method of payment for Moustache employees; and (iv) maintained employment records for Moustache.

38. Upon information and belief, Defendant Al-Rawi dominated the day-to-day operating decisions of Moustache, made major personnel decisions for Moustache, and had complete control of the alleged activities of Moustache which give rise to the claims brought herein.

39. Upon information and belief, Defendant Al-Rawi was a supervisor, officer and/or agent of Moustache who acted directly or indirectly in the interest of Moustache and is an employer within the meaning of the Fair Labor Standards Act. Defendant Al-Rawi in his capacity as an officer, director, shareholder, and / or president or vice president, actively participated in the unlawful method of payment for Moustache employees.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA MINIMUM WAGE COMPENSATION

40. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 hereof.

41. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

42. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

43. Moustache constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

44. Plaintiff and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

45. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Salam Al-Rawi constitutes an "employer" for purposes of the FLSA and, consequently, is liable for violations of the FLSA.

46. Defendants failed to pay Plaintiff and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

47. Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may

only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

48. Defendants retained tips received by employees.

49. Defendants therefore illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

50. The failure of Defendants to pay Plaintiff and other members of the putative class their rightfully owed wages was willful.

51. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

52. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 51 hereof.

53. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

54. Upon information and belief, Defendants failed to pay Plaintiff and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given

week.

55. The failure of Defendants to pay Plaintiff and other members of the putative class their rightfully owed wages and overtime compensation was willful.

56. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY MINIMUM WAGES

57. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 56 hereof.

58. Pursuant to Article Six and Article Nineteen of the New York Labor Law, workers, such as Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

59. Pursuant to 12 NYCRR 146-1.2 "The basic minimum hourly rate shall be $7.25 per hour, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

60. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

61. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

62. As persons employed for hire by Defendants, Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651.

63. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

64. As an entity that hired the Plaintiff and other members of the putative class, Moustache constitutes an "employer."

65. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq*, 650 *et seq* and the cases interpreting same, Salam Al-Rawi is an "employer."

66. In failing to pay Plaintiff and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650, *et seq*. and 663, and 12 NYCRR 146-1.2.

67. Upon information and belief, Defendants' failure to pay Plaintiff and other members of the putative class minimum wages was willful.

68. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq*. and 663, and 12 NYCRR 146-1.2, and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

69. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 68 hereof.

70. Title 12 NYCRR §146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek. When an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's

regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half."

71. Plaintiff and, upon information and belief, other members of the putative class at times worked more than forty hours a week while working for Defendants.

72. Plaintiff and, upon information and belief, other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week in violation of 12 NYCRR §146-1.4.

73. Consequently, by failing to pay to Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 663 and 12 NYCRR § 146-1.4.

74. Defendants' failure to pay Named Plaintiff and members of the putative class overtime compensation was willful.

75. By the foregoing reasons, Defendants have violated New York Labor Law §§ 663 and 12 NYCRR § 146-1.4 and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK LABOR LAW ARTICLE 6

76. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 75 hereof.

77. Gratuities provided by Defendants' patrons to Plaintiff and other members of the putative class constitute "wages" as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

78. Pursuant to New York Labor Law § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

79. By improperly retaining the gratuities earned by Plaintiff and other members of the putative class Defendants violated New York Labor Law § 196-d.

80. Upon information and belief, Defendants' improper withholding of wages and gratuities earned by Plaintiff and other members of the putative class was willful.

81. By the foregoing reasons, Defendants have violated New York Labor Law § 190 *et seq.* and are liable to Plaintiff and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: SPREAD OF HOURS

82. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 81 hereof.

83. 12 NYCRR § 146-1.6 provides that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

84. Plaintiff and upon information and belief other members of the putative class work more than ten (10) hours in a day.

85. Plaintiff and upon information and belief other members of the putative class were not paid an additional hour's pay at the basic minimum hourly wage rate when they worked

more than ten (10) hours in a day.

86. Consequently, by failing to pay Plaintiff and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate they worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

87. Upon information and belief, Defendants' failure to pay spread of hours compensation to the Named Plaintiff and other members of the putative class was willful.

88. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) on their fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) their fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6) on their sixth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(7) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
April 27, 2012

**VIRGINIA & AMBINDER, LLP**

By: *[signature]*
Lloyd R. Ambinder
Kara S. Miller
111 Broadway, Suite 1403
New York, New York 10006
kmiller@vandallp.com
Tel:  (212) 943-9080
Fax:  (212) 943-9082

**LEEDS MORELLI & BROWN, P.C.**
Jeffrey K. Brown
1 Old Country Road
Carle Place NY 11514
(516) 873-9550

*Attorneys for Plaintiff and Putative Class*