UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALI LYOUSSI individually and on behalf of all other persons similarly situated who were employed by MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., and SALAM AL-RAWI, individually<br><br>Plaintiffs,<br><br>- against -<br><br>MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., and SALAM AL-RAWI, individually<br>Defendants. | Docket   No.:   12-cv-03361 (WHP)<br><br><br><br><br><br><br><br>**JOINT INITIAL CONFERENCE REPORT** |

Plaintiff ALI LYOUSSI (hereinafter "Named Plaintiff") and the putative class (hereinafter collectively as "Plaintiffs"), by their attorneys, Virginia & Ambinder, LLP and Leeds Morelli & Brown, P.C. and Defendants MOUSTACHE LEX LLC d/b/a MOUSTACHE PITZA, BEDFORD PITZA CORP. d/b/a MOUSTACHE PITZA and/or any other entities affiliated with, controlling, or controlled by MOUSTACHE LEX LLC, BEDFORD PITZA CORP., and SALAM AL-RAWI, individually (hereinafter collectively "Defendants"), by their attorneys, Vedder Price., hereby submit their joint Initial Conference Report, pursuant to the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York.

1. **Possible limitations on document preservation (including electronically stored information).**

The parties do not anticipate any limitations on document preservation at this time. Any relevant documents that are in the possession of the parties will be preserved and produced when appropriate.

2. **Appropriateness of initial disclosure pursuant to Rule 26(a)(1).**
   **(a) Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?**

Initial disclosures pursuant to Rule 26(a)(1) shall be served within 14 days of the initial conference.

3.  **Possibility of a stay or limitation of discovery pending a dispositive motion.**

Plaintiff anticipates submitting a motion for FLSA collective certification, pursuant to 29 U.S.C. § 216(b), and thereafter a motion for class certification, pursuant to Fed. R. Civ. P. 23. These motions would not warrant a stay of discovery. In the event that Defendants make a dispositive motion prior to the completion of discovery, Defendants reserve the right to request a stay in discovery until the resolution of such motion.

4.  **Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters.**

The parties defer to the discretion of the Court.

5.  **Preliminary issues that are likely to arise that will require court intervention.**

Should Plaintiff's motion for FLSA collective certification and motion for class certification be successful, court-supervised notice to the putative collective and class will be required.

6.  **Discovery issues that are envisioned and how discovery disputes will be resolved.**

The parties do not anticipate discovery disputes at this time, and will endeavor to resolve any issues that arise without court intervention.

7.  **Proposed discovery.**

The parties will require discovery on subjects related to time worked by Plaintiff and members of the putative class, wages and gratuities paid, distribution of gratuities, and the work that they performed on behalf of Defendants, in addition to any affirmative defenses asserted by the Defendants. If any electronically stored information (ESI) will be necessary, it is expected to be minimal.

Pertinent documents may include, but are not limited to, payroll records prepared for or on behalf of Defendants, employment applications, Forms W-2, Forms 1099, W-4 tax statements, payroll checks, check stubs, payroll and tax receipts, tip distribution records, schedules, server reports, time cards, daily reports, sign-in and sign-out logs, journals, calendars, diaries, employee handbooks or other manuals, and other such documents, to the extent they exist, that will tend to show the work performed, hours worked, the amounts required to be paid for such work, and the amounts actually paid for such work.

Pre-class depositions of all parties will commence after pre-class paper discovery is exchanged. Additionally, if Plaintiffs' motion for conditional certification is granted, Defendants anticipate that depositions will be taken of any plaintiffs that opt-in to the action. The parties agree to allow depositions preceding trial of trial witnesses not already deposed.

8. **Schedule**

    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    a) Date for Defendants to file their answer or file their motion to dismiss: Already filed on June 15, 2012.

    b) Date for Plaintiffs to file motion for conditional certification: September 26, 2012.

    c) Date for completion of discovery: May 31, 2013. *See* paragraph 10 below, regarding bifurcated discovery.

    d) Date for dispositive motions: no later than 45 days after the close of discovery.

    e) Date for exchange of expert reports: 30 days after a decision is rendered on any dispositive motions.

    f) Date for exchange of witness lists: 21 days after a decision is rendered on any dispositive motions.

    g) Date for Joint Preliminary Trial Reports and Final Joint Trial Reports: 30 days after a decision is rendered on any dispositive motions.

    h) Date for Case Management Conference: November 5, 2012, or other date(s) as the Court may require or the Parties request.

9. **Issues to be tried**.

    a) The main issues to be tried are listed below. These issues may ultimately be narrowed to make trial more meaningful and efficient through the parties' anticipated dispositive motions:

        i. Whether the Defendants failed to pay the minimum wage for all hours worked.

        ii. Whether the Defendants failed to pay overtime wages, at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in any given week.

        iii. Whether Defendants unlawfully retained any tips or gratuities.

        iv. Whether the Defendants failed to pay spread of hours compensation for all days in which an employee worked more than 10 hours.

        v. Whether Plaintiffs satisfy the requirements for certification as a collective

3

              action pursuant to 29 U.S.C. § 216(b).

      vi.    Whether Plaintiffs satisfy the requirements for certification as a class action under Fed. R. Civ. P. 23.

      vii.   Whether the alleged violations of the FLSA were willful.

  b) At this time, the parties do not believe there are issues which would be resolved through a mini-trial.

### 10. Bifurcation.

The parties shall conduct bi-furcated discovery. All pre-class certification fact discovery (including discovery of opt-in plaintiffs) shall be completed no later than January 31, 2013.

The parties shall conclude discovery within 120 days following the Court's ruling on plaintiffs' motion for Rule 23 certification or plaintiffs' declaration that no such motion will be made.

### 11. Class certification issues.

The Named Plaintiff commenced this action on behalf of himself and all similarly situated individuals. To date, two other Plaintiffs have joined this action. Plaintiff plans to submit a motion for conditional FLSA collective certification, pursuant to 29 U.S.C. § 216(b), on or before September 21, 2012, and a motion for class certification, pursuant to Fed. R. Civ. P. 23, upon completion of pre-class certification fact discovery. Defendants expect to oppose any such motion and reserve the right to file a motion for decertification at the time of plaintiff's Rule 23 certification motion.

### 12. ADR/Mediation.

The parties believe that mediation and/or a settlement conference could be helpful in reaching an efficient resolution of the action. The parties will plan to notify the Court if and when a mediation and/or settlement conference would be most appropriate.

### 13. Possibility of consent to trial before a Magistrate Judge.

The parties do not consent to trial before a Magistrate Judge at this time.

### 14. Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments.

The parties do not believe that amendments to the pleadings are necessary at this time. However, if this should become necessary, the parties will move to amend the complaint.

**15. Joinder of additional parties, and the likelihood and timing of joinder of additional parties.**

The parties do not anticipate joinder of any additional parties at this time. However, if this should change, the parties will notify the Court.

**16. Expert witnesses.**

The parties do not anticipate use of an expert witness at this time. However, if this should change, the parties will notify the Court.

**17. Damages.**

Damages discovery will occur simultaneous to fact discovery.

**18. Final pretrial order**.

45 days after a decision is rendered on any dispositive motion.

**19. Possible trial-ready date.**

September 10, 2013.

**20. Court logistics and mechanics (e.g. communication with the court, streamlined motion practice, pre-motion conferences, etc.)**

The parties will defer to the Individual Judges' Rules of Practice.

**21. The need for additional meet and confer sessions to continue to discuss issues raised at the initial conference among counsel.**

The parties will contact the Court if and when the need for such a session arises.

Dated: August 9, 2012

**VIRGINIA & AMBINDER, LLP**
*Attorneys for Plaintiff and the putative class*

By: *[signature]*
Lloyd R. Ambinder
Kara Miller
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082
lambinder@vandallp.com

and

LEEDS, MORELLI & BROWN, P.C.
Jeffrey K. Brown, Esq.
1 Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@lmblaw.com

**VEDDER PRICE**
*Attorneys for Defendants*

By: *[signature]*
Jonathan A. Wexler

1633 Broadway, 47th Floor
New York, NY 10022
Tel: (212) 407-7732
Fax: (212) 407-7799
jwexler@vedderprice.com